# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| United States of America, | Case No. 1:21cr486 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| Rodney Cuthbertson, | MEMORANDUM OPINION AND |
| **Defendant** | ORDER |

Currently pending is Defendant Rodney Cuthbertson's Motion to Stay Proceedings pending Appeal. (Doc. No. 29.) The United States filed a Brief in Opposition on July 6, 2021, to which Defendant replied on July 9, 2021. (Doc. Nos. 31, 32.) For the following reasons, Defendant's Motion is DENIED.

## I. Background

On March 30, 2021, the United States filed a criminal complaint alleging that Defendant Rodney Cuthbertson had knowingly possessed a firearm after having been convicted of a crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). *See United States v. Cuthbertson*, Case No. 21mj3123 (N.D. Ohio) (Doc. 1.) Cuthbertson was arrested and made an initial court appearance before Magistrate Judge Thomas Parker on April 1, 2021. (*Id*. at Minutes of Proceedings dated Apr. 1, 2021.) The government did not move for pre-trial detention, and Cuthbertson was returned to state custody for related state court proceedings.[1] (*Id*.) The Magistrate Judge later held a bond hearing, during which he ordered Cuthbertson released on $10,000 unsecured bond but noted that "[t]his

---

[1] *See State of Ohio v. Cuthbertson*, Cuyahoga County Court of Common Pleas Case No. CR-21-657545-A (reflecting that Cuthbertson pleaded guilty to drug possession in violation of Ohio Rev. Code § 2925.11 and was sentenced to a six-month prison term on April 28, 2021).

release will not become effective until defendant's completion/release from state custody." (*Id*. at Minutes of Proceeding dated May 13, 2021.) The state court docket sheet reflects that Cuthbertson was released from state custody on June 21, 2021. *See State of Ohio v. Cuthbertson*, Cuyahoga County Court of Common Pleas Case No. CR-21-657545-A (docket entry dated June 10, 2021.)

Meanwhile, on May 12, 2021, the United States filed a Motion for Extension of Time to Indict. *See Cuthbertson*, Case No. 21mj3123 (N.D. Ohio) (Doc. No. 18.) Shortly thereafter, Cuthbertson filed a Motion to Dismiss, in which he argued that the Complaint should be dismissed because the United States had failed to timely indict him within thirty (30) days of his arrest, as required by the Speedy Trial Act, 18 U.S.C. § 3161(b).[2] (*Id*. at Doc. No. 19.) Cuthbertson also noted that, although the United States had moved for an extension of time to indict, that Motion was itself untimely, as it was filed more than thirty days after Cuthbertson's arrest on April 1, 2021. (*Id.*)

The United States filed a Response to Cuthbertson's Motion to Dismiss on May 21, 2021. (*Id*. at Doc. No. 20.) Therein, the United States acknowledged that, "assuming no other factors or circumstances at issue, the deadline to indict Defendant . . . was May 1, 2021 because he was arrested on April 1, 2021." (*Id*. at p. 2.) However, the United States argued that its requested continuance would serve the "ends of justice" because "the delay in indicting Defendant has been driven by logistical uncertainty in Defendant's place of incarceration and the limitations brought on in the last fourteen months by the COVID-19 pandemic." (*Id*. at p. 4.) Thus, the United States asked the Magistrate Judge to "suspend the thirty-day time period imposed by the Speedy Trial Act for

---

[2] 18 U.S.C. § 3161(b) provides that: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

2

returning an indictment in the above-captioned case" and "continue the time for returning an indictment for an additional sixty days because doing so will support the ends of justice in this unusual case and these unusual times." (*Id*. at p. 1.) Defendant filed a Reply on May 25, 2021. (*Id*. at Doc. No. 22.)

On May 27, 2021, the Magistrate Judge issued an Order (1) denying Cuthbertson's Motion to Dismiss for Failure to Timely Indict; and (2) denying as moot the United States' Motion for an Extension of Time to Indict. (*Id*. at Doc. No. 23.) The Magistrate Judge noted that, from the time of Cuthbertson's arrest to the date of the Order, the United States District Court for the Northern District of Ohio had imposed certain restrictions relating to criminal proceedings in order to reduce exposure to and slow the spread of Covid-19. At that time, these restrictions were set forth in General Order No. 2020-08-07, which provided (in pertinent part) as follows:

> To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> \*\*\*
>
> 4. Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations.

*See* United States District Court, Northern District of Ohio, General Order 2020-08-07 (updated Apr. 5, 2021). Based on the above, the Magistrate Judge concluded that he was required to deny the United States' Motion for an Extension as moot. *See Cuthbertson*, Case No. 21mj3123 (N.D. Ohio) (Doc. No. 23 at p. 5.) Specifically, the Magistrate Judge found that, by expressly stating that "the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's

3

right to a speedy trial," the Court's General Order had "already granted a continuance for the government to bring every criminal case before the grand jury on COVID-19 grounds." (*Id*. at pp. 5-6.) The Magistrate Judge further found that "because the court's general order had granted the government a continuance under 18 U.S.C. § 3161(h)(7)(A), Cuthbertson's motion to dismiss for failure to timely indict must also be denied."[3] (*Id*. at p. 6.) The Magistrate Judge then ordered the United States to secure and file an indictment by no later than June 30, 2021. (*Id*.)

On June 8, 2021, Cuthbertson filed (1) an Objection to the Magistrate Judge's Order; and (2) a Notice of Interlocutory Appeal to the Sixth Circuit. (*Id*. at Doc. Nos. 26, 27.)

The United States filed a one-count Indictment against Cuthbertson on June 23, 2021. *See United States v. Cuthbertson*, Case No. 1:21cr486 (N.D. Ohio) (Doc. No. 28.) At that time, the matter was assigned to the undersigned.

Shortly after the filing of the indictment, on June 28, 2021, Cuthbertson filed a Motion to Stay Proceedings pending Interlocutory Appeal. (Doc. No. 29.) The United States filed a Brief in Opposition on July 6, 2021, to which Cuthbertson replied on July 9, 2021. (Doc. Nos. 31, 32.)

## II. Legal Standard

Federal Rule of Appellate Procedure 8(a)(1) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1). In determining whether a stay should be granted under this Rule, a district

---

[3] In addition, in a footnote, the Magistrate Judge stated that: "Even if the court were to ignore the continuance granted in the general order and granted Cuthbertson's motion to dismiss, it would have only dismissed this case without prejudice. *See Zedner*, 547 U.S. at 499 (The court may dismiss without prejudice after a failure to timely indict in order to 'avoid unduly impairing the enforcement of federal criminal laws.'). So, the government would still have been able to file an indictment with the same allegations raised in the complaint within six months after any dismissal." (Doc. No. 23 at p. 6.)

4

court should consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Griepentrog*, 945 F.2d at 153 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.1987)). *See also In re Flint Water Cases,* 960 F.3d 820, 825 (6th Cir. 2020); *United States v. Salim*, 2018 WL 1138287 at * 1 (N.D. Ohio March 2, 2018). These factors are not prerequisites that must be met but, rather, are "interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153. The moving party has the burden of demonstrating that he or she is entitled to a stay. *See United States v. Risser*, 2016 WL 232018 at * 1 (6th Cir. Jan. 12, 2016).

### III. Analysis

#### A. Likelihood of Success on the Merits

Cuthbertson argues that the first factor – likelihood of success on the merits of the appeal— weighs in favor of a stay because "nothing in the General Order supports giving the government an 'open season' on whether to comply with the operations of Grand Jury proceedings, the Federal Rules of Criminal Procedure, and the United States Code." (Doc. No. 29 at p. 5.) Cuthbertson does not provide any further argument regarding this factor or cite to any legal authority in support of his position.

The United States asserts that this factor weighs strongly against a stay for several reasons. (Doc. No. 31.) The United States first argues that the Magistrate Judge correctly concluded that the ends of justice were served by a continuance in light of the very unusual circumstances surrounding (and safety considerations associated with) the pandemic. (*Id*. at p. 2.) The United States then argues that Cuthbertson is not likely to succeed on interlocutory appeal because "it is far from clear whether Defendant's appeal is properly before the Court of Appeals" in the first instance. (*Id*. at p. 3.) Specifically, citing *United States v. Bilsky*, 664 F.2d 613 (6th Cir. 1981), the United States argues that a pre-trial order denying a motion to dismiss an indictment on speedy trial grounds is not an appealable order. (*Id.*) The United States asserts that "Defendant has not explained how or why he believes the Court's Order entitles him to an interlocutory appeal, or how he intends to overcome the presumption against piecemeal litigation." (*Id.*)

Cuthbertson does not address this issue, either in his Motion to Stay or in his Reply Brief.

For the following reasons, the Court finds that Cuthbertson has not demonstrated that he is likely to succeed on the merits of his interlocutory appeal. "The right of appeal in a criminal case is purely a creature of statute." *Bilsky*, 664 F.2d at 615 (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). The applicable statute in this case, 28 U.S.C. § 1291, states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States ...." 28 U.S.C. § 1291 (emphasis added). "The prerequisite of a 'final decision' reflects a congressional policy to promote efficient judicial administration by avoiding the delays and disruptions inherent in interlocutory or 'piecemeal' appeals." *Bilsky*, 664 F.2d at 615. Indeed, the finality requirement "assumes special significance in criminal cases where swift and efficient administration of justice is in the interest of both society and accused." *Id*.

"As a general matter, an order denying a motion to dismiss does not end the litigation on the merits and is ordinarily not subject to appellate review until a final judgment has been entered." *United States v. Goff*, 187 Fed. Appx. 486, 494 (6th Cir. 2006) (quoting *Archie v. Lanier*, 95 F.3d 438, 442 (6th Cir. 1996); *see also Bilsky*, 664 F.2d at 615 (citing *United States v. Sisk*, 629 F.2d 1174, 1180 (6th Cir. 1980)) ("As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under Section 1291.") Moreover, the Sixth Circuit has expressly held that an order before imposition of sentence denying a motion to dismiss on speedy trial grounds is not a "final" order for purposes of 28 U.S.C. § 1291. *See Bilsky*, 664 F.2d at 618-619 (finding that order denying a pre-trial motion to dismiss indictment pursuant to the Speedy Trial Act is not a final order that is subject to interlocutory appeal); *United States v. Abernathy*, Case No. 08-1778 (6th Cir.) (Order dated Aug. 5, 2008) (finding that pre-trial order denying motion to dismiss for failure to timely indict pursuant to the Speedy Trial Act was not a final, appealable order).

In the instant case, then, Sixth Circuit precedent indicates that the Magistrate Judge's pre-trial Order denying Cuthbertson's Motion to Dismiss for Failure to Timely Indict is not a final, appealable decision. Cuthbertson does not argue otherwise nor does he assert that the Magistrate Judge's Order satisfies the collateral order doctrine, which excepts a narrow range of interlocutory decisions from the general rule that a decision must be "final" to be immediately appealable. *Goff*, 187 Fed. Appx. at 493 (emphasis added) (quoting *Kimble v. Hoso*, 439 F.3d 331, 333-34 (6th Cir. 2006)). Even if Cuthbertson had argued that the Order denying his Motion to Dismiss satisfied the collateral order doctrine, the Court would find any such argument to be without merit. Both the Supreme Court and the Sixth Circuit have emphasized that the collateral order doctrine is a narrow exception, particularly in the context of criminal prosecutions. *See, e.g., Flanagan v. United States*, 465 U.S. 259, 270 (1984)

("'The final judgment rule is the dominant rule.... Particularly is this true of criminal prosecutions.' ... The exceptions to the final judgment rule in criminal cases are rare.") (quoting *DiBella v. United States*, 369 U.S. 121, 126 (1962)); *Goff*, 187 Fed. Appx. at 494 (same). Given the rare and narrow application of the collateral order doctrine, the Sixth Circuit has held that the doctrine "permits interlocutory appeals *in only two situations in criminal prosecutions:* (1) there may be immediate appeals from orders denying motions to dismiss on double jeopardy grounds (*Abney*) and (2) there may be immediate appeals from orders denying motions to reduce bail before trial." *Goff,* 187 Fed. Appx. at 495 (emphasis in original) (quoting *United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir. 1987)).

Here, Cuthbertson's appeal of the Magistrate Judge's denial of his Motion to Dismiss for Failure to Timely Indict under the Speedy Trial Act does not fall within the narrow exception of the collateral order doctrine as it is not one of the two aforementioned situations where the Sixth Circuit has permitted an interlocutory appeal of a non-final decision. Moreover, as noted above, the Sixth Circuit has expressly concluded, on several occasions, that the pre-trial denial of a motion to dismiss based on speedy trial grounds is not subject to interlocutory appeal. *See Bilsky*, 664 F.2d at 618-619; *Abernathy*, Case No. 08-1778 (6th Cir.) (Order dated Aug. 5, 2008)

In light of the above, the Court finds that Cuthbertson has not demonstrated that he is likely to prevail on the merits of his appeal because he has not shown that the Magistrate Judge's Order is subject to interlocutory appeal. Accordingly, this factor weighs against granting a stay. *See, e.g., United States v. Smith*, 2010 WL 11465302 at * 2 (W.D. Tenn. Dec. 2, 2010) (denying motion for stay pending interlocutory appeal of denial of motion to dismiss indictment on speedy trial grounds because such an order "is not a final decision or an appealable collateral order.")

### B. Irreparable Harm

The second factor to be considered in evaluating whether to grant a stay pending appeal is the likelihood that the moving party will be irreparably harmed absent a stay. *Griepentrog*, 945 F.2d at 153. In evaluating irreparable harm, courts generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Id*. at 153-154.

Here, Cuthbertson's only argument regarding this factor is that he "will be irreparably harmed absent a stay as any criminal proceedings take [a] toll on any Defendant." (Doc. No. 29 at p. 6.) No further detail or argument is provided.

The Court finds that Cuthbertson has failed to demonstrate that he will be irreparably harmed absent a stay. Cuthbertson fails to meet his burden by simply stating that "any criminal proceedings take a toll on any Defendant." Cuthbertson does not identify any specific injury to him in the event that this matter proceeds pending his interlocutory appeal, nor does he provide any information or argument demonstrating either the substantiality of any alleged injury or the likelihood of its occurrence. Moreover, Cuthbertson fails entirely to address the United States' assertion that, even if he succeeds on appeal and the Complaint is dismissed, "the United States can, and will, continue to prosecute Defendant for the crime he committed." (Doc. No. 31 at p. 3.)

In light of the above, and in the absence of any meaningful argument regarding irreparable harm, the Court finds that this factor does not weigh in favor of a stay.

### C. Harm to Others and the Public Interest

In evaluating the third and fourth factors, courts consider the prospect that others will be harmed if the court grants the stay and the public interest in granting the stay, respectively.

Cuthbertson addresses both of these factors in a single sentence, stating "there are no prospect[s] that others will be harmed if the court grants the stay [and] the public interest in granting the stay is paramount in the interest of justice." (Doc. No. 29 at p. 6.) In response, the United States argues that there is no evidence that others will be harmed should a stay be denied and, further, that "it is in the public's best interests that Defendant, who has been charged with a felony, be prosecuted for the crime for which the Grand Jury found probable cause." (Doc. No. 31 at p. 4.)

As noted above, Cuthbertson bears the burden of demonstrating he is entitled to a stay. Here, Cuthbertson does not offer any specific argument regarding either of these factors or cite any legal authority in support of the assertion that these factors weigh in favor of a stay under the circumstances presented. Upon review, and in the absence of any meaningful argument to the contrary, the Court finds that the third and fourth factors do not weigh in favor of a stay. Moreover, the Court agrees with the United States that the fourth factor (i.e., the public interest) weighs in favor of proceeding with the instant matter pending the outcome of Cuthbertson's interlocutory appeal.

### D. Jurisdiction

Although not raised by either party, the Court considers whether it has jurisdiction to proceed with the instant matter in light of the filing of the Notice of Appeal. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). However, this general rule "is neither 'a creature of statute' nor 'absolute in character,'" and has several exceptions. *Jago v. U.S. Dist. Court,* 570 F.2d 618, 622 (6th Cir. 1978) (citation omitted). Of particular relevance here, the Sixth Circuit has long recognized that "a notice of appeal from a plainly non-appealable order may properly be ignored by the district court." *Cochran v. Birkel*, 651 F.2d 1219, 1222–23 (6th Cir.

1981); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Relying on the above principles, district courts have determined that they have jurisdiction to proceed with criminal actions despite the filing of a notice of appeal from the denial of a motion to dismiss an indictment as untimely. *See, e.g, United States v. Avelarea-Padilla*, 2018 WL 8806866 (N.D. Ohio Nov. 1, 2018) ("Because Defendant appeals an order that clearly does not fall within the collateral-order exception, the notice of appeal does not divest this Court of jurisdiction over this case.")

Here, the Court has already determined that Cuthbertson is not likely to succeed on the merits of his appeal because the Magistrate Judge's pre-trial Order denying his Motion to Dismiss for Failure to Timely Indict is not a final decision or an appealable collateral order. The Court, therefore, concludes that it has jurisdiction to proceed with the instant matter as Cuthbertson's Notice of Appeal is "from a plainly non-appealable order." *Cochran*, 651 F.2d at 1222-1223.

## IV. Conclusion

For all the reasons set forth above, Defendant's Motion to Stay Proceedings pending Appeal (Doc. No. 29) is DENIED.

**IT IS SO ORDERED.**

Date: July 12, 2021

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE